IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Greenbelt Division)

| | |
|---|---|
| In re: ) | |
| GREGORY B. MYERS ) | Case No. 15-26033-MCR |
| ) | |
| Debtor. ) | (Chapter 7) |
| ) | |

**NOTICE OF PROPOSED COMPROMISE AND SETTLEMENT
WITH BRIAN KING, CRISTINA KING, AND THE CRISTINA AND
BRIAN KING CHILDREN'S TRUST**

TO ALL PARTIES-IN-INTEREST:

PLEASE TAKE NOTE that Roger Schlossberg, Chapter 7 Trustee of the Bankruptcy Estate of Gregory B. Myers (the "Trustee"), contemporaneously has filed his *Motion for Approval of Proposed Compromise and Settlement with Brian King, Cristina King, and the Cristina and Brian King Children's Trust* (the "*Settlement Motion*") seeking authority to compromise and settle the following described matter upon those terms and conditions hereinafter noted.

**Background**

Gregory B. Myers ("the Debtor" or "Myers") filed a voluntary Chapter 11 bankruptcy petition on November 18, 2015 ("the Petition Date"). The Debtor remained in possession of the estate's assets and managed its financial affairs until February 22, 2017, when the case was converted to a proceeding under Chapter 7 of the Bankruptcy Code . The Trustee thereafter was duly appointed as the Chapter 7 Trustee herein.

In 2017, the Trustee was named as a nominal defendant in the matter of *Brian King, et al. v. Serv Trust, et al.*, Case No. 439677-V (the "King Case"), in the Circuit Court for Montgomery County, Maryland ("the State Court"), a case which subsequently was consolidated with the related matter of *6789 Goldsboro LLC v. Serv Trust, et al.*, Case No. 451611-V (the "Goldsboro Case";

1

collectively, the King Case and Goldsboro Case are hereafter referred to as "the State Court Cases"). Each of the State Court Cases concerns claims against Serv Trust, with the Goldsboro Case also concerning a claim against the Debtor.

In the King Case, which was designated the "lead" case in the State Court, Brian King, Cristina King, and the Cristina and Brian King Children's Trust (the "King Parties") sought declaratory judgments that Serv Trust, a Maryland statutory trust, is the alter ego of the Debtor and, further, that Serv Trust's interest in 6789 Goldsboro LLC ("Goldsboro") has been redeemed by operation of the entity's governing documents.

In the Goldsboro Case, Goldsboro sued both Serv Trust and the Debtor for the alleged breach of a promissory note and guaranty, respectively, and sought an award of monetary damages in excess of $1 million, including accrued interest.[1] The Goldsboro Case originally was brought as an adversary proceeding in this Court, *see 6789 Goldsboro LLC v. Myers, et al.*, Adv. No. 18-407, but this Court entered an *Order of Abstention* on January 30, 2019 which ultimately led to the matter being refiled in State Court.

A trial in the consolidated State Court Cases was scheduled to commence on Tuesday, January 3, 2023, the first business day of the New Year. However, at approximately 4:30 p.m. on Friday, December 30, 2022 – just minutes before the close of business on the last business day

---

[1] The Debtor, in his then-capacity as a co-trustee of Serv Trust, requested that Goldsboro make pre-petition loans totaling $635,000 to Serv Trust, which then forwarded the funds to the Debtor and his wife. On May 18, 2015, in connection with the foregoing loans, Serv Trust executed a Promissory Note in favor of Goldsboro while the Debtor executed a Guaranty Agreement in which he guaranteed Serv Trust's repayment of the loans made by Goldsboro. The Debtor, however, did not list Goldsboro as an unsecured creditor when he filed his bankruptcy petition six months later; which omission was one of the grounds upon which this Court denied a discharge to the Debtor under 11 U.S.C. § 727(a)(4)(A). *See In re Myers*, 2018 WL 4701387, *8 (Bankr. D. Md. Sept. 28, 2018) ("It is not believable that [the Debtor] simply forgot to include his largest unsecured creditor in the first several versions of his schedules when he had executed a personal guarantee in favor of that creditor six months prior to filing for bankruptcy and was requesting advances from the creditor up to and after filing his petition.").

2

before trial – the Debtor filed a notice of removal purporting to remove the action to the U.S. Bankruptcy Court for the Middle District of Florida, where the Debtor's later-filed and separate Chapter 13 case was pending at the time.[2] The King Parties immediately filed an emergency motion to remand noting the various infirmities and inherent bad faith associated with Debtor's attempted removal at the eleventh-hour. On the morning of January 3, 2023, the Florida bankruptcy court remanded the case back to the Circuit Court for Montgomery County in time to allow for the trial of the State Court Cases to proceed as scheduled.

Following the conclusion of the trial on January 3, 2023 – at which evidence was presented showing that, *inter alia*, the Debtor and his wife received the extraordinary sum of $1,217,675.00 out of the $1,371,271.58 distributed by Serv Trust between March 10, 2011 and January 6, 2018 – or more than 88% thereof – the State Court adjudicated Serv Trust to be the alter ego of the Debtor as of and subsequent to the Petition Date. In a subsequent written order entered on January 12, 2023, the State Court memorialized its ruling, holding, *inter alia*, that "Serv Trust is, and as of November 18, 2015 was, the alter ego of Gregory B. Myers" and that "Serv Trust is a disregarded entity, being the alter ego of Mr. Myers." *See Order Entering Partial Judgment and Stay* (the "State Court Order"), attached hereto as **Exhibit 1**.

In its ruling, the State Court stayed all further proceedings in the State Court Cases as its determination that Serv Trust is the alter ego of the Debtor necessarily rendered the automatic stay of 11 U.S.C. § 362(a) effective as to all remaining causes of action therein. The State Court reasoning that, in light of its alter ego ruling, all claims against Serv Trust must be construed as

---

[2] The Debtor's Florida bankruptcy case ultimately was dismissed on January 20, 2023. On that day, the U.S. Bankruptcy Court for the Middle District of Florida *sua sponte* entered an order which denied confirmation of the Debtor's proposed Chapter 13 plan, dismissed his Chapter 13 case with prejudice, and imposed a two-year ban against refiling, following the court's determination that Myers filed his Chapter 13 case in bad faith (as a tactic to delay and frustrate his creditors rather than as a means to repay them). *See In re Myers*, 2023 WL 350183 (Bankr. M.D. Fla. Jan. 20, 2023).

claims against the Estate. *Id*. Thus, the King Parties' remaining claim against Serv Trust, which seeks a declaration regarding the alleged redemption of Serv Trust's interest in Goldsboro, is stayed by operation of 11 U.S.C. § 362(a) (as are Goldsboro's claims against Serv Trust in the Goldsboro Case along with its previously stayed claim therein against the Debtor).

Further, as a matter of law, immediately upon entry of the State Court Order, Serv Trust and all of its assets became property of the Debtor's bankruptcy estate herein ("the Estate"), pursuant to 11 U.S.C. § 541(a), subject to administration by the Trustee as the sole legal representative of the Estate pursuant to 11 U.S.C. § 323. The State Court Order has not been stayed and remains in full force and effect. *See* Md. Rule 2-632. Thus, the Trustee is now the sole person empowered to act with respect to the remaining claims against Serv Trust in the State Court Cases, which are now construed as claims against the Estate.

In consideration of the interests of this Court and all creditors of the Debtor in the important outcome of the remaining claim in the King Case, the Trustee would prefer to litigate the balance of the King Case in this Court and the King Parties have expressed that they are amenable to such an outcome. However, notwithstanding that the remaining claim against Serv Trust in the King Case became a claim against the Estate only as of January 12, 2023, the Trustee likely will not be able to effect a removal of the King Case to this Court.[3] Despite the apparent bar prohibiting removal of the existing King Case to this Court, the Trustee has engaged in negotiations with the King Parties in an attempt to craft a creative solution to the above-described procedural

---

[3] Although this Court would have jurisdiction under 28 U.S.C. § 1452, removal would be timely only if the time period for removal set forth in § 1446(b)(3) would apply. However, the Trustee believes it more likely that the time period set forth in Fed. R. Bankr. P. 9027(a)(3) would apply to make any attempted removal untimely. Although a small minority of jurisdictions have applied § 1446 rather than Rule 9027, *see* Thomas B. Bennett, *Removal, Remand, and Abstention Related to Bankruptcies: Yet Another Litigation Quagmire!*, 27 Cumb. L. Rev. 1027 (1997), this Court and many others have favored the application of Rule 9027. *See, e.g., Roberts v. Creighton*, 2009 WL 7083320 (D. Md. Feb. 27, 2009); Patricia C. Williams and Keller W. Allen, *Removal of State Court Cases to Bankruptcy Court*, 27 Gonz. L. Rev. 129 (1991).

conundrum. As a result of those negotiations, said parties now have agreed to the following compromise and settlement, subject to notice to creditors and approval by the Court, on the terms and conditions described below.

### Proposed Compromise and Settlement

The Trustee and the King Parties have agreed as follows:

(1)     The King Parties and the Trustee shall jointly file a stipulation in the King Case pursuant to which the King Parties will dismiss without prejudice their remaining claim against Serv Trust regarding the alleged redemption of Serv Trust's interest in Goldsboro ("the Redemption Claim").

(2)     In consideration of the foregoing dismissal, the Trustee agrees to toll the statute(s) of limitation applicable to the Redemption Claim *nunc pro tunc* to September 14, 2017, the date the King Case was filed in the State Court.

(3)     The King Parties and the Trustee further agree to endeavor in good faith to negotiate a resolution to the Redemption Claim and, if negotiations are not successful, the King Parties shall refile the Redemption Claim as an adversary proceeding in this Court within thirty (30) days after the entry of an order approving this settlement.

### Trustee's Recommendation

The Trustee, in the sound exercise of his judgment, believes that the proposed compromise is in the best interest of the Estate and all interested parties herein. The proposed compromise affords the Trustee time to become familiar with the Redemption Claim and to potentially negotiate a resolution of the same (subject, of course, to notice to creditors and approval by this Court), which could yield significant income for the Estate. Even if a resolution is not reached, the Redemption Claim will be litigated in the Estate's preferred forum. The Trustee does not perceive

that any harm to the Estate will result from the proposed compromise. Therefore, the Trustee strongly recommends approval of this proposed compromise and settlement.

## **Manner of Objection**

Parties in interest objecting to the proposed action by the Trustee are to file such Objections in writing with the United States Bankruptcy Court, 6500 Cherrywood Lane, Suite 300, Greenbelt, Maryland 20770, by not later than twenty-one (21) days after the date of this Notice; with a copy of said Objection to be provided to the undersigned by the same date.  Objections must specifically state the factual and legal grounds upon which such Objection is based.  Hearings may be held before the United States Bankruptcy Court upon any such Objections as are filed, or the Court may determine the matter without a hearing.  Further, the Court may conduct a hearing in its discretion regardless of whether any Objections are filed.  Any party in interest filing an Objection may be required to be present at such hearing as may be held.  If no Objection is filed within the period above-provided, the Court will proceed to consider the Debtor's proposed compromise and settlement as above-proposed without further notice to parties in interest. Parties in interest desiring further information should consult the Court file or communicate with the undersigned.

Date:  February 7, 2023                             Respectfully submitted,

SCHLOSSBERG | MASTRO

By: */s/ Frank J. Mastro*
Frank J. Mastro #24679
Roger Schlossberg
P.O. Box 2067
Hagerstown, MD 21742
(301) 739-8610
fmastro@schlosslaw.com
rschlossberg@schlosslaw.com
*Attorneys for Trustee*